UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KESHIA DOUGLAS,

                              **Plaintiff,**

  vs.                                                    1:24-CV-807
                                                         (MAD/CFH)
ALBANY POLICE DEPARTMENT and
ALBANY COUNTY DISTRICT ATTORNEY,

                              **Defendants.**
_____

APPEARANCES:                                      OF COUNSEL:

**KESHIA DOUGLAS**
P.O. Box 3812
Albany, New York 12203
Plaintiff *pro se*

**THE REHFUSS LAW FIRM, P.C.**           **STEPHEN J. REHFUSS, ESQ.**
40 British American Blvd.
Latham, New York 12110
Attorneys for Defendant Albany
Police Department

**ALBANY COUNTY ATTORNEY'S OFFICE**    **MEGAN B. VAN AKEN, ESQ.**
112 State Street, Room 600
Albany, New York 12207
Attorneys for Defendant Albany County
District Attorney

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff commenced this action on June 25, 2024, alleging that Defendants violated her due process rights under the Fourteenth Amendment. *See* Dkt. No. 1. According to the complaint, on September 1, 2023, Plaintiff's motor vehicle, a 2015 Audi A4, was struck by gunfire on Quail Street, in Albany, New York. Plaintiff notified the Albany Police Department

about the incident and voluntarily provided them with her vehicle on September 3, 2023, to assist in the investigation and granted them authorization to search the vehicle. Plaintiff's complaint alleges that Defendants remain in possession of her vehicle and have refused her requests for its return.

Defendants subsequently submitted their respective answers to Plaintiff's complaint. *See* Dkt. Nos. 11 & 14. Currently before the Court are Plaintiff's motions to strike certain affirmative defenses. *See* Dkt. Nos. 15 & 20.

## II. DISCUSSION

### A.   Standard of Review

Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are generally disfavored and will not be granted 'unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense.'" *Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 425 (S.D.N.Y. 2010) (quoting *Salcer v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984), *vacated and remanded on other grounds*, 478 U.S. 1015 (1986)); *see also Mayfield v. Asta Funding, Inc.*, 95 F. Supp. 3d 685, 696 (S.D.N.Y. 2015); *Walters v. Performant Recovery, Inc.*, 124 F. Supp. 3d 75, 78 (D. Conn. 2015) ("Motions to strike are generally disfavored, but are within the district court's sound discretion") (quoting *Lamoureux v. AnazaoHealth Corp.*, 250 F.R.D. 100, 102 (D. Conn. 2008)).

A court may strike a defense as insufficient where "(1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by the inclusion of the defense." *Sibley v.*

*Choice Hotels Int'l, Inc.*, 304 F.R.D. 125, 132 (E.D.N.Y. 2015) (citation omitted); *see also Coach, Inc.*, 756 F. Supp. 2d at 425. The first two prongs of this test "examine the legal sufficiency of the asserted defense." *Walters*, 124 F. Supp. 3d at 78 (citing *Coach, Inc.*, 756 F. Supp. 2d at 425). "This is 'to be determined solely upon the face of the pleading.'" *Id.* (quoting *Coach, Inc.*, 756 F. Supp. 2d at 425).

The Second Circuit has made clear that "the plausibility standard of *Twombly* applies to determining the sufficiency of all pleadings, including the pleading of an affirmative defense, but with recognition that, as the Supreme Court explained in *Iqbal*, applying the plausibility standard to any pleading is a 'context-specific' task." *GEOMC Co., Ltd. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 96 (2d Cir. 2019) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The Second Circuit further explained as follows:

> The key aspect of the context relevant to the standard for pleading an affirmative defense is that an affirmative defense, rather than a complaint, is at issue. This is relevant to the degree of rigor appropriate for testing the pleading of an affirmative defense. The pleader of a complaint has the entire time of the relevant statute of limitations to gather facts necessary to satisfy the plausibility standard. By contrast, the pleader of an affirmative defense has only the 21-day interval to respond to an original complaint, the 21-day interval to amend, without court permission, an answer that requires a responsive pleading, or the 14-day interval to file a required response to an amended pleading that makes a new claim. That aspect of the context matters. In addition, the relevant context will be shaped by the nature of the affirmative defense. For example, the facts needed to plead a statute-of-limitations defense will usually be readily available; the facts needed to plead an ultra vires defense, for example, may not be readily known to the defendant, a circumstance warranting a relaxed application of the plausibility standard.

*Id.* at 98 (citations and footnote omitted).

In addition, the Second Circuit has endorsed the view that "[e]ven when the defense presents a purely legal question, the courts are very reluctant to determine disputed or substantial

3

issues of law on a motion to strike; these questions quite properly are viewed as determinable only after discovery and a hearing on the merits." *Salcer*, 744 F.2d at 939 (quoting 5 Charles Alan Wright & Arthur R. Miller, Fed. Practice & Proc. § 1381 at 800-01); *see also Perm-Star Ins. Co. v. FPM Realty LLC*, No. 21-CV-975, 2022 WL 1085320, *2 (E.D.N.Y. Feb. 24, 2022) (citations omitted).

"If a court determines that a defense is legally insufficient, the court must next determine whether inclusion of the defense would prejudice the plaintiff." *Coach, Inc.*, 756 F. Supp. 2d at 425-26. "Increased time and expense of trial may constitute sufficient prejudice to warrant striking an affirmative defense." *Id.* at 426 (citing *Estee Lauder, Inc. v. Origins Nat. Res., Inc.*, 189 F.R.D. 269, 271 (S.D.N.Y. 1999)). Moreover, inclusion of a defense that will fail as a matter of law prejudices the plaintiff by needlessly increasing the duration and expense of the litigation. *Id.*; *see also Estee Lauder*, 189 F.R.D. at 272 (explaining that when "the defense is insufficient as a matter of law, the defense should be stricken to eliminate the delay and unnecessary expense from litigating the invalid claim").

**B.     Albany County District Attorney's Affirmative Defenses**

In her motion, Plaintiff specifically requests that the Court strike the Albany County District Attorney's ("District Attorney") first and fourth affirmative defenses, and then makes a general request that all others be stricken for failure to "specify claims." Dkt. No. 15 at 2-3. Since Plaintiff has only made specific arguments regarding the first and fourth affirmative defenses, these are the only affirmative defenses that the Court will address.[1]

---

[1] Although Plaintiff has raised specific arguments regarding the other affirmative defenses asserted by the District Attorney in her reply memorandum, no such arguments were made in her original motion. *Compare* Dkt. No. 15, *with* Dkt. No. 23. The Court declines to consider these arguments improperly raised in Plaintiff's reply. *See McBride v. BIC Consumer Prods. Mfg. Co.*,

(continued...)

### 1. First Affirmative Defense

In its first affirmative defense, the District Attorney contends that the claims set forth in the complaint "are barred by the applicable statute of limitations." Dkt. No. 11 at 4. In response, the District Attorney "withdraws the First Affirmative Defense making any argument unnecessary for the court to consider." Dkt. No. 22-3 at 6.

In light of the District Attorney's withdrawal of this affirmative defense, the Court denies this aspect of Plaintiff's motion as moot.

### 2. Fourth Affirmative Defense

In its fourth affirmative defense, the District Attorney alleges that Plaintiff "has failed to state a cause of action or claim against the answering defendant upon which relief can be granted." Dkt. No. 11 at ¶ 36. Although this affirmative defense is essentially boilerplate, considering the general disfavor exhibited by courts when evaluating motions to strike, and because there is no prejudice to Plaintiff in allowing this affirmative defense to stand, the Court denies this aspect of Plaintiff's motion to strike. *See Central N.Y. Laborers' Health v. JWJ Indus., Inc.*, No. 5:12-cv-1319, 2015 WL 12564221, *15 (N.D.N.Y. Mar. 5, 2015) (refusing to strike affirmative defenses of "failure to state a cause of action, unclean hands, laches, actions/inactions,

---

[1](...continued)
583 F.3d 92, 96 (2d Cir. 2009) (observing that this court ordinarily does not consider issues raised for first time in reply brief); *Graham v. Henderson*, 89 F.3d 75, 82 (2d Cir. 1996) (declining to consider argument raised for first time in *pro se* litigant's reply brief). Even if the Court were to address the merits of Plaintiff's newly raised arguments, the motion would still be denied on the merits. The inclusion of these defenses in the District Attorney's answer do not prejudice Plaintiff; indeed, although many of the affirmative defenses are "essential boilerplate," they "do give Plaintiff fair notice of the nature of the defenses, and it does not appear that they are so legally insufficient that they should be stricken." *Sibley v. Choice Hotels Int'l, Inc.*, 304 F.R.D. 125, 133 (E.D.N.Y. 2015) (citation omitted). Because these affirmative defenses provide Plaintiff adequate notice, and such standard defenses do not prejudice Plaintiff, the Court will not strike them. *See, e.g., Erickson Beamon Ltd. v. CMG Worldwide, Inc.*, No. 12 Civ. 5105, 2014 WL 3950897, *4 (S.D.N.Y. Aug. 13, 2014).

[and] equitable estoppel"); *see also Cadet v. Alliance Nursing Staffing of N.Y., Inc.*, No. 21-cv-3994, 2023 WL 3872574, *3 (S.D.N.Y. Jan. 6, 2023); *Orientview Techs. LLC v. Seven For All Mankind, LLC*, No. 13 Civ. 538, 2013 WL 4016302, *3 (S.D.N.Y. Aug. 7, 2013) ("Given the discretion afforded — and the general disfavor exhibited by — courts when evaluating motions to strike, the Court declines to strike [the affirmative defense]. The Court finds the defense does bear on the issues in the case, and there is no prejudice to [plaintiff] in allowing the defense to stand, broadly stated though it appears to be"); *Raymond Weil, S.A. v. Theron*, 585 F. Supp. 2d 473, 489-90 (S.D.N.Y. 2008) ("There is nothing dumber than a motion to strike boilerplate affirmative defenses; it wastes the client's money and the court's time").

Accordingly, Plaintiff's motion to strike the District Attorney's affirmative defenses is denied.

**C.   Albany Police Department's Affirmative Defenses**

In her motion, Plaintiff moves to strike the Albany Police Department's ("Albany P.D.") first, second, third, fourth, sixth, thirty-fourth, and thirty-seventh affirmative defenses. *See* Dkt. No. 20.

   *1. First Affirmative Defense*

In its first affirmative defense, the Albany P.D. alleges that the actions set forth in the complaint are barred by the applicable statute of limitations. *See* Dkt. No. 14 at 1. In response to Plaintiff's motion, the Albany P.D. has agreed to withdraw this affirmative defense. *See* Dkt. No. 24 at 4. Based on the Albany P.D.'s response, the Court denies this aspect of Plaintiff's motion as moot.

   *2. Second Affirmative Defense*

In its second affirmative defense, the Albany P.D. alleges that Plaintiff has failed to obtain personal jurisdiction over it. *See* Dkt. No. 14 at 2. In response to Plaintiff's motion, the Albany P.D. argue that Plaintiff failed to attach an affidavit showing proof of service of the complaint on it and, therefore, Plaintiff has not established grounds to strike this defense. *See* Dkt. No. 24 at 4. Additionally, the Albany P.D. argues that, to the extent that Plaintiff filed an affidavit of service with the Court, the affidavit of service indicates that service was made on the "Albany County Police Department," whereas the proper party is the City of Albany Police Department. *See id.* In her reply, Plaintiff contends that the error in the affidavit of service naming the "Albany County Police Department" is a minor discrepancy that is insufficient to support a finding of lack of personal jurisdiction. *See* Dkt. No. 25 at 2 (citing cases).

The Court finds that Plaintiff's motion to strike this affirmative defense must be denied. The Albany P.D. are correct that the affidavit of service incorrectly identifies it as the "Albany County Police Department." While this is likely just a scrivener's error (considering that the affidavit of service indicates that it was delivered to the address of the Albany City Hall), such factual disputes are not appropriately resolved on a motion to strike. *See Cadet*, 2023 WL 3872574, at *2 (citing cases). Moreover, Plaintiff has failed to demonstrate how she will be prejudiced through the inclusion of this affirmative defense.

Accordingly, the Court denies this aspect of Plaintiff's motion to strike.

### 3. *Third Affirmative Defense*

In its third affirmative defense, the Albany P.D. asserts that Plaintiff has failed to comply with the applicable provisions of the General Municipal Law. *See* Dkt. No. 14 at 1. The Albany P.D. argues that this aspect of Plaintiff's motion should be denied because her "claim arise[s] out of damage to Plaintiff's real and personal property – namely damages for loss of her personal

7

vehicle – and required Plaintiff to serve a notice of claim on the City of Albany.  No notice of claim was ever served." Dkt. No. 24 at 5.

Initially, the Court notes that it has serious doubts as to the viability of the Albany P.D.'s argument.  As noted above, in count one of her complaint, Plaintiff alleges a violation of the Fourteenth Amendment, and in count two she is seeking a declaratory judgment.  *See* Dkt. No. 1 at ¶¶ 20-32.  Plaintiff has not brought any claims under state law and courts have routinely held that the notice-of-claim requires found in the General Municipal Law are only applicable to state-law claim and not claims brought pursuant to 42 U.S.C. § 1983.  *See Horton v. Schenectady Cnty.*, No. 8:21-cv-983, 2024 WL 1655385, *2 (N.D.N.Y. Apr. 17, 2024) (holding that New York's notice-of-claim requirements do not apply to claims brought under Section 1983, but do apply to any state-law claims brought in federal court even though they are related to the underlying federal claim) (citing cases).  However, since this issue was not addressed by the parties and because Plaintiff has failed to demonstrate how she will be prejudiced by the continued inclusion of this affirmative defense, the Court denies this aspect of Plaintiff's motion to strike.

### 4. Fourth Affirmative Defense

In its fourth affirmative defense, the Albany P.D. asserts that Plaintiff has failed to state a cause of action upon which relief can be granted.  *See* Dkt. No. 14 at 2.  For the reasons set forth in denying this aspect of Plaintiff's motion with respect to the District Attorney's same affirmative defense, this portion of Plaintiff's motion to strike is denied.

### 5. Sixth Affirmative Defense

In its sixth affirmative defense, the Albany P.D. asserts as follows: "Whatever injuries the Plaintiff may have sustained at the time and place alleged in the Complaint were in whole or in

8

part or were contributed to by the culpable conduct and want of care on the part of the Plaintiff, or by someone over whom the Answering Defendant had no control, and without any negligence or fault or want of care on the part of the Answering Defendant." Dkt. No. 14 at 2. The Court agrees with the Albany P.D. that this affirmative defense is based on questions of law and fact that cannot be resolved at this stage of the litigation. Additionally, Plaintiff has not demonstrated how the inclusion of the affirmative defense prejudices her in any way. Accordingly, the Court denies this aspect of Plaintiff's motion to strike.

### 6. Thirty-Fourth Affirmative Defense

In its thirty-fourth affirmative defense, the Albany P.D. asserts as follows: "That the allegations in the Plaintiff's ... Complaint are false, untrue and intentionally factually inaccurate and as such, under federal statute, permit the Answering Defendants to recover their attorneys' fees incurred against the Plaintiff for commencement of a lawsuit which is frivolous." Dkt. No. 14 at 5. Again, the Court agrees with the Albany P.D. that this affirmative defense is based on questions of law and fact that cannot be resolved at this stage of the litigation. Additionally, Plaintiff has not demonstrated how the inclusion of the affirmative defense prejudices her in any way. Accordingly, the Court denies this aspect of Plaintiff's motion to strike.

### 7. Thirty-Seventh Affirmative Defense

In its thirty-seventh affirmative defense, the Albany P.D. contend that "[t]his action should be dismissed because there is an action in another court seeking the same relief." Dkt. No. 14 at 6. The Court agrees with the Albany P.D. that Plaintiff's motion to strike this affirmative defense must be denied at this time. According to the record before the Court, Plaintiff commenced an action in Albany County Supreme Court on November 7, 2023, asserting a replevin cause of action under Article 71 of the N.Y. C.P.L.R., which is seeking return of the vehicle at issue in this

case and monetary damages. *See* Dkt. No. 16 at 1.[2] This state-court action remains pending and questions of fact remain as to whether Plaintiff is seeking in whole or in part the same relief in this action. Moreover, Plaintiff has failed to demonstrate prejudice in permitting this affirmative defense to remain. Accordingly, the Court denies this aspect of Plaintiff's motion to strike.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the reasons set forth above, the Court hereby

**ORDERS** that Plaintiffs' motions to strike Defendants' affirmative defenses (Dkt. Nos. 15 & 20) are **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 18, 2024
       Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[2] Although commenced as a replevin action, the Albany County Supreme Court noted that the relief Plaintiff is seeking is more appropriately brought as "an application for mandamus or a writ of prohibition under Article 78." Dkt. No. 16 at 5 (citations omitted).