**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**KESHIA DOUGLAS,**

                                        **Plaintiff,**

    **vs.**                                                    **1:24-CV-807**
                                                                **(MAD/PJE)**

**ALBANY POLICE DEPARTMENT and**
**ALBANY COUNTY DISTRICT ATTORNEY,**

                                        **Defendants.**

---

**APPEARANCES:**                              **OF COUNSEL:**

**KESHIA DOUGLAS**
PO Box 3812
Albany, New York 1220
Plaintiff, *pro se*

**THE REHFUSS LAW FIRM, P.C.**          **STEPHEN J. REHFUSS, ESQ.**
40 British American Boulevard
Latham, New York 12110
Attorneys for Defendants
Albany Police Department
and Albany County District Attorney

**ALBANY COUNTY DEPARTMENT**          **CHRISTINE FERNANDEZ, ESQ.**
**OF LAW**
112 State Street
Albany, New York 12207
Attorneys for Defendants
Albany Police Department
and Albany County District Attorney

**LAW OFFICE OF MEGAN B.**          **MEGAN B. VAN AKEN, ESQ.**
**VAN AKEN**
69 State Street, Suite 1200g
Albany, NY 12207
Attorney for Defendant Albany County
District Attorney

**Mae A. D'Agostino, U.S. District Judge:**

1

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

On June 23, 2024, Plaintiff Keshia Douglas ("Plaintiff") filed a complaint, *pro se*, against the Albany Police Department ("APD") and Albany County District Attorney ("District Attorney's Office") (collectively, "Defendants") alleging violations of her Fourteenth Amendment Due Process Rights. *See* Dkt. No. 1. Plaintiff seeks monetary damages and a declaratory judgment. *See id.* On April 25, 2025, Defendants filed separate motions to dismiss pursuant to Federal Rule of Civil Procedure 12(c). *See* Dkt. Nos. 55, 56. Plaintiff opposed each motion and Defendants replied. *See* Dkt. Nos. 57, 59, 60, 61. With the permission of the Court, Plaintiff filed a sur-reply. See Dkt. Nos. 62, 63, 64.[1]

For the following reasons, Defendants' motions to dismiss are granted.

**II. BACKGROUND**

In early September 2023, Plaintiff's vehicle was hit by gunfire while she was leaving 212 Market in Albany, New York. *See* Dkt. No. 1 at ¶ 7. Plaintiff immediately reported the incident to APD because she believed the gunfire could be related to "someone being shot and killed blocks away from where her vehicle was shot." *Id.* at ¶ 8. Shortly thereafter, APD took custody of Plaintiff's vehicle with her permission. *Id.* at ¶ 9. Plaintiff alleges that after she consented to the seizure, APD served her with a search warrant permitting officers to "search her Vehicle and seize any evidence found as outlined in the search warrant." *Id.* Plaintiff notes that she is "neither a suspect nor a party to any criminal proceeding regarding the homicide." *Id.* at ¶ 12.

---

[1] On September 2, 2025, Plaintiff filed a motion to expedite the Court's decision. *See* Dkt. No. 65.

Plaintiff maintains that APD is still in possession of her vehicle and has continuously possessed it since September 3, 2023. *See id.* at ¶ 13. Plaintiff further alleges that APD's continued possession of her vehicle is "causing significant financial hardship and emotional distress to [her] and her family." *Id.* Prior to commencing this action, Plaintiff filed a lawsuit against only APD in New York State Supreme Court, Albany County, pursuant to Article 71 of the Civil Practice Law and Rules. *See* N.Y. C.P.L.R. 7101. She sought a writ of replevin compelling APD to return her vehicle. *See* Dkt. No. 1 at 11-15. Albany County Supreme Court declined to issue the writ. *See id.* at 89-92. Plaintiff then commenced this action pursuant to 42 U.S.C § 1983, alleging that Defendants violated her Fourteenth Amendment right to procedural due process by continuing to retain possession of her vehicle. *See id.* at 4-5. Plaintiff also seeks a declaratory judgment pursuant to 28 U.S.C §§ 2201 and 2202 stating that Defendants' actions violated her Plaintiff's Fourteenth Amendment due process rights. *Id.* at 5.

### III. DISCUSSION

**A.     Standard of Review**

Rule 12(c) of the Federal Rules of Civil Procedure provides that "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). When a party makes a Rule 12(c) motion, the court applies the same standard as when a party files a Rule 12(b)(6) motion. *See Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (citation omitted).

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency of a complaint, a court must accept as true all well-pleaded facts in the pleading and

draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting Twombly, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" *id.* at 570.

Additionally, courts must afford *pro se* plaintiffs "special solicitude." *See Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (citing *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir.

4

1988)).  "A document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  "This policy of liberally construing *pro se* submissions is driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (internal quotations and modifications omitted).  Therefore, courts read *pro se* filings "to raise the strongest arguments that they suggest."  *Id.* at 474 (citations and internal quotations omitted).

**B.      Section 1983 Procedural Due Process Claim**

### 1. Failure to Name a Proper Defendant

Both Defendants move to dismiss Plaintiff's complaint on the ground that she failed to name a proper defendant.  APD argues that the City of Albany is not a named defendant, and APD is not a separate legal entity capable of being sued.  *See* Dkt. No. 55-2 at 4.  Similarly, the District Attorney argues that "an individual municipal department, such as the district attorney's office, is not considered 'a separate legal entity that is subject to suit . . . .'"  Dkt. No. 56-1 at 9.

Plaintiff responds, asserting that the District Attorney's Office and APD are proper Defendants because her "complaint named the 'Albany County District Attorney,' construed as targeting the office's actions through its officials."  Dkt. No. 57 at 7.  She states that "[e]vidence shows the District Attorney's involvement."  *Id.*  As to APD, Plaintiff contends the argument that APD is not a proper Defendant "overlooks the context of Plaintiff's claim, which implicates the

APD's policies and practices under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)." Dkt. No. 59 at 11.

A municipality may be held civilly liable under § 1983 for constitutional violations it causes. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). However, it is well settled that "'[a] police department is an administrative arm of [a] municipal corporation,' and 'cannot sue or be sued because it does not exist separate and apart from the municipality and does not have its own legal identity.'" *Ali v. Oneida Cnty. Dist. Att'y*, No. 23-CV-1115, 2023 WL 7124513, *6 (N.D.N.Y. Oct. 30, 2023) (quoting *Baker v. Willett*, 42 F. Supp. 2d 192, 198 (N.D.N.Y. 1999)). Similarly, as to a District Attorney's Office, courts in this circuit have concluded it is "not a separate legal entity capable of being sued pursuant to § 1983." *Griffith v. Sadri*, No. 07-CV-4824, 2009 WL 2524961, *8 (E.D.N.Y. Aug. 14, 2009); *see also Ali*, 2023 WL 7124513, at *4 ("[T]he Oneida County District Attorney's office . . . is not a separate legal entity that is subject to suit, and dismissal is warranted on that basis alone").

Thus, because Plaintiff cannot bring a § 1983 claim against APD or the District Attorney, her claims against those entities must be dismissed. However, "[g]iven Plaintiff's *pro se* status and the Court's responsibility to liberally construe h[er] complaint, the Court considers next whether [s]he has plausibly alleged a Section 1983 claim when construed against" the City of Albany, Albany County, or the District Attorney in his official and unofficial capacity. *See Arroyo v. Nassau Correctional Facility*, No. 22-CV-5611, 2022 WL 16636774, *2 (E.D.N.Y Nov. 2, 2022).

### 2. Claims Against Albany Police Department

APD also moved for judgment on the pleadings based on its allegation that "state law . . . provided an adequate post-deprivation remedy" such that "[a] claim for deprivation of property is

not recognized in federal court." Dkt. No. 55-2 at 2-3.  Specifically, APD contends that the Article 71 replevin action that Plaintiff brought in New York State court provided her with a meaningful post-deprivation remedy.  *See id.* at 3.  Plaintiff argues the Article 71 proceeding was inadequate because her "attempts to retrieve her vehicle were frustrated by [] APD's failure to provide the key or facilitate access. . . .  The financial and emotional burdens of initiating a state court proceeding, combined with [] APD's misrepresentations and inactions for over a year and three months, rendered this remedy illusory."  Dkt. No. 59 at 10.  Plaintiff also contends that the conclusion in the replevin action does not foreclose her ability o see monetary damages under § 1983.  *See id.*

"The Supreme Court has clearly distinguished between a claim that an established state procedure does not afford procedural due process and a claim that a property right was lost because of a random and unauthorized act by a state actor."  *Marino v. Ameruso*, 837 F.2d 45, 47 (2d Cir. 1988).  Where the former is true, "the existence of independent state relief does not defeat a § 1983 [procedural due process] claim."  *Butler v. Castro*, 896 F.2d 698, 700 (2d Cir. 1990).  However, in the latter scenario, "a plaintiff cannot state a valid § 1983 claim unless [s]he alleges that state law post-deprivation remedies are unavailable or inadequate."  *Vaher v. Town of Orangetown, N.Y.*, 916 F. Supp. 2d 404, 437 (S.D.N.Y. 2013).  Thus, the Court must first determine whether Defendants' alleged actions were was pursuant to "an established procedure, such that the availability of a post-deprivation remedy would not *automatically* satisfy due process," *Rivera-Powell v. New York City Bd. of Elections*, 470 F.3d 458, 466 (2d Cir. 2006), or whether the acts were "random and unauthorized" such that an adequate state post-deprivation remedy "satisfies procedural due process requirements," *Id.*

Courts in the Second Circuit have concluded that claims similar to Plaintiff's, herein, constitute "random and unauthorized" acts. *See, e.g.*, *Malapanis v. Regan*, 335 F. Supp. 2d 285, 292 n.5 (D. Conn. 2004) ("When property is seized pursuant to a search warrant, adequate post-deprivation remedies satisfy procedural due process"); *Best v. Monaco*, No. 09-CV-05260, 2010 WL 1438756, *1 (E.D.N.Y. Apr. 5, 2010) ("In the context of property seized pursuant to a search warrant, adequate postdeprivation remedies satisfy procedural due process"); *Grant v. Am. Soc'y for the Prevention of Cruelty to Animals*, No. 16-CV-2765, 2017 WL 1229737, *4 (S.D.N.Y. Mar. 31, 2017) ("[B]ecause [the p]laintiff's property was seized pursuant to a warrant issued upon probable cause, as long as there was an adequate post-deprivation remedy available, [the p]laintiff's due process claim will fail").

The Court finds the reasoning in *Malapanis* particularly persuasive.  There, the plaintiffs asserted "the failure [of the police] to return [the] plaintiffs' property subsequent to its seizure . . . violate[d] their Fourteenth Amendment due process rights." *Malapanis*, 335 F. Supp. 2d at 289.  The court "construe[d] the allegations that the defendants failed to return [the plaintiff's] property even though criminal proceedings had not yet been instituted . . . and the allegation that the State Police defendants refused to repair the damage caused [to the plaintiffs' property] . . . to assert claims of denial of procedural due process." *Id.* at 291-92.  The defendants moved to dismiss, arguing that the "plaintiffs' procedural due process claim fails . . . because [the] plaintiffs [had] access to meaningful post-deprivation state law remedies." *Id.* at 292.  Applying the above appropriate procedural due process analysis, the court held as follows:

> [The p]laintiffs have made no allegation that there is an established
> state policy to retain seized property after the completion of a
> criminal investigation . . . nor that the damage to their property was
> the result of an established procedure.  At best, plaintiffs have
> alleged that their deprivation was the result of a random and

unauthorized act by the State Police. Thus, the existence of an adequate post-deprivation state judicial remedy would satisfy procedural due process.

*Id.*

Plaintiff does not allege, argue, or present exhibits concerning an "established state procedure." Rather, "[a]t best," Plaintiff has alleged "a random and unauthorized act" by the officers investigating the homicide, unconnected from an established procedure of APD for the retention and return of vehicles seized pursuant to a search warrant. *Id.* The "Due Process Clause is not violated when a state employee negligently or intentionally deprives an individual of property, if 'the state makes available a meaningful postdeprivation remedy.'" *Best*, 2010 WL 1438756, at *1 (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)).

Consequently, Plaintiff "cannot state a valid § 1983 claim unless [s]he alleges that state law post-deprivation remedies are unavailable or inadequate." *Vaher*, 916 F. Supp 2d at 436-37 (S.D.N.Y. 2013). The complaint does not plausibly allege either. "Courts in this circuit have repeatedly found that the availability of state law actions for negligence, replevin, or conversion are adequate post-deprivation remedies for a deprivation of personal property claim" where the deprivation is not alleged to be pursuant to an established procedure. *See Wilburn v. Galloway*, No. 23-CV-10513, 2024 WL 4432814, *1 (S.D.N.Y. Oct. 4, 2024); *see also Herbin v. City of New York*, No. 22-CV-5890, 2023 WL 2368974, *3 (S.D.N.Y. Mar. 6, 2023) ("The availability of an action in the Court of Claims and state law actions for negligence, replevin, or conversion have been found to be adequate post-deprivation remedies for a deprivation of personal property claim").

Indeed, "[i]f no criminal prosecution is pending[, as plaintiff alleges here], a property owner may either file an action for replevin or a CPLR '[A]rticle 78 proceeding to review a

9

refusal after demand.'" *Best*, 2010 WL 1438756, at *2 (quoting *Boyle v. Kelley*, 42 N.Y.2d 88, 91 (1977)); *see* also Dkt. No. 1 at ¶ 12.  Specifically, "[a] CPLR [A]rticle 78 proceeding will properly lie to require the return of property, other than contraband, seized pursuant to a search warrant and held for an unreasonable length of time without the commencement of a criminal action."  Moss v. Spitzer, 19 A.D.3d 599, 600 (2d Dept. 2005). The Second Circuit has held that "the availability of an Article 78 proceeding under New York law provide[s] [plaintiffs] with an adequate post-deprivation remedy such that no procedural due process violation" occurs under circumstances such as these. *McMenemy v. City of Rochester*, 241 F.3d 279, 289 (2d Cir. 2001).

APD correctly points out that Plaintiff's CPLR Article 71 action for replevin provided an adequate state law remedy for the recovery of her vehicle.  *See* Dkt. No. 55-2 at 2-3.  Aside from the replevin action being an available and "adequate post deprivation remed[y]," *Herbin*, 2023 WL 2368974, at *3, Plaintiff actually availed herself of this remedy in an attempt to obtain her property.  *See* Dkt. No. 1 at ¶ 14.  "[T]he fact that an Article [71] proceeding may result in a judicial determination that [a p]laintiff is not entitled to the return of her property is not relevant to the question of whether the proceeding is an adequate post-deprivation remedy."  *Grant*, 2017 WL 1229737, at *5 (S.D.N.Y. Mar. 31, 2017)).  Plaintiff's complaint attacks neither the adequacy of the Article 71 proceeding nor the availability and adequacy of other remedies that she could have pursued such as an Article 78 proceeding.  *See* Dkt. No. 1.  Plaintiff's responses also fail to address the availability of an Article 78 proceeding.  *See* Dkt. Nos. 57, 59.

Plaintiff's opposition to APD's motion discusses, for the first time, the adequacy of state law remedies.  She states, "Plaintiff was not afforded a meaningful opportunity to recover her vehicle, and the APD's conduct rendered state remedies inadequate." Dkt. No. 59 at 7.  However, "[a] party may not use his or her opposition to a dispositive motion as a means to amend the

10

complaint." *R.S. v. Bd. of Educ. Shenendehowa Cent. Sch. Dist.*, 1:17-CV-0501, 2017 WL 6389710, *6 (N.D.N.Y. Dec. 13, 2017) (quoting *Shah v. Helen Hayes Hosp.*, 252 Fed. Appx. 364, 366 (2d Cir. 2007)).  Because Plaintiff made no attempt to challenge the adequacy of the state court proceeding in her initial complaint, "the Court [generally] will not address any of the new claims alleged in the Opposition." *R.S.*, 2017 WL 6387170, at *6.

However, courts have noted that the requirement of courts to read the papers of *pro se* litigants liberally permits a court to also consider additional materials such as the opposition.  *See e.g., id.* at *3.  Even if the Court were to recognize the new claim that state law did not provide Plaintiff with an adequate remedy, Plaintiff does not allege any "facts showing that such state law remedies are inadequate." *Newman v. Katz*, No. 24-CV-6681, 2025 WL 2171803, *5 (S.D.N.Y. July 29, 2025).  Rather, she restates the actions taken by APD and concludes that since APD did not return her vehicle, that must mean the state law remedy was inadequate. Such a factual allegation does not raise a plausible inference that anything about the state law proceeding was inadequate.

As Plaintiff has failed to allege or argue the inadequacy of the available post-deprivation remedies, she has failed to state a cognizable procedural due process claim.  *See Malapanis*, 335 F. Supp. 2d at 292-93.  Therefore, even if Plaintiff intended to sue the City of Albany, the City would be entitled to judgment on the pleadings.

### 3. Claims Against Defendant Albany County and its Officials

Plaintiff's complaint does not indicate whether she seeks to impose liability on Albany County, the Albany County District Attorney in his official capacity, or any individual prosecutor within that office in their individual capacity.  *See generally* Dkt. No. 1.  In light of Plaintiff's *pro se* status, a liberal reading of the complaint could implicate each of these actors.  In anticipation of

such a liberal reading, the District Attorney's Office has made arguments in favor of dismissal for each scenario.  *See* Dkt. No. 56.  "The Second Circuit has cautioned that where a complaint does not specify whether claims are asserted against government officials in their individual capacities, it is preferable to construe the complaint as stating both official and individual capacity claims."  *Eisenberg v. Dist. Att'y of Cnty. of Kings*, 847 F. Supp. 1029, 1035 (E.D.N.Y. 1994) (citing *Frank v. Relin*, 1 F.3d 1317, 1326 (2d Cir. 1993)).  Therefore, the Court will address each issue, in turn.

### a. Individual Capacity

The District Attorney argues that to the extent Plaintiff intended to sue a prosecutor in the office in their individual capacity, the prosecutor would be entitled to absolute immunity. *See* Dkt. No. 56-1 at 10-11.  While Plaintiff disputes the applicability of that doctrine in her opposition, *see* Dkt. No. 57 at 6-7, the Court need not reach that issue.  Plaintiff has failed to name any individual prosecutors; therefore, she cannot plausibly state a claim against them.  *See Curtis v. City of New York*, No. 22-CV-7201, 2022 WL 14054222, *4 (S.D.N.Y. Oct. 24, 2022) (dismissing claims where the "[p]laintiff does not specifically name any individuals as defendants. He also does not allege which individual DOCCS officials at Sing Sing were responsible for failing to provide him with medical care").

"To state a claim under Section 1983 against an individual defendant in his or her individual capacity, a plaintiff must allege facts showing that individual defendant's direct and personal involvement in the alleged constitutional deprivation."  *Id.* at *4 (citing *Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013)).  As the Second Circuit has made clear, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements

of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

The complaint lacks any facts sufficient to plausibly allege the involvement of any specific individual at the District Attorney's Office. The complaint broadly asserts that "[t]he County District Attorney is a public official vested with significant powers and responsibilities, particularly in matters pertaining to law enforcement and the administration of justice." Dkt. No. 1 at ¶ 27. The complaint then states, "The County District Attorney, by directing the Albany Police Department to retain possession of the Plaintiff's vehicle, has actively contributed to the harm suffered by the Plaintiff and her family." Dkt. No. 1 at ¶ 28.

The Court has also reviewed the materials "attached to the complaint as an exhibit," *Katz v. Travelers*, 241 F. Supp. 3d 397, 405 (E.D.N.Y. 2017), and finds that no specific individual from the District Attorney's Office is implicated in them. *See* Dkt No. 1 at 8-127. The emails submitted by Plaintiff in support of the complaint between Plaintiff and the City of Albany Deputy Corporation Counsel largely concern issues regarding APD. *See* Dkt. No. 1 at 93-127. The only time the District Attorney is mentioned is where Corporate Counsel writes, "I spoke to the Detective assigned to the case on our end and the DA's office. At this point they would be able to return the car, but they need the information from the car's computer." Dkt. No. 1 at 95.

There is no factual basis alleged in the complaint for the Court to infer that the District Attorney himself must have directed retention of the vehicle based on the responsibilities entrusted to that office—the complaint does little more than raise "a sheer possibility" of any one prosecutor's involvement. *Iqbal*, 556 U.S. at 678 (citation omitted). Given the minimal information pleaded against the District Attorney, the complaint does not plausibly

13

allege any "individual [prosecutor] defendant's direct and personal involvement in the alleged constitutional deprivation." *Curtis*, 2022 WL 14054222, at \*4 (citing *Spavone*, 719 F.3d at 135). Therefore, to the extent the complaint could be construed against a specific prosecutor at the District Attorney's Office in their individual capacity, such a claim is dismissed.

### b. Official Capacity

To the extent that Plaintiff may seek to sue the Albany County District Attorney in his official capacity for "prosecutorial decisions over the course" of the homicide investigation, that claim is barred by the Eleventh Amendment. *See D'Alessandro v. City of New York*, 713 Fed. Appx. 1, 8 (2d Cir. 2017).[2] The Eleventh Amendment generally prohibits lawsuits from being brought against a state in federal court, but it does not "bar suits against municipalities and local governments." *Id.* "When a defendant is sued in his official capacity, [courts] treat the suit as one against the 'entity of which an officer is an agent.'" *Id.* (quoting *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)). In suits brought against a District Attorney in their official capacity, the Second Circuit has distinguished between acts taken in an attorney's prosecutorial role and acts concerning the "administration of the district attorney's office." *Id.* (quoting *Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993)). Where a district attorney "acts as a prosecutor, [they are] an agent of the State, and therefore immune" from damages liability under the Eleventh Amendment. *See id.* "But if a suit centers . . . on the 'office policy' that the district attorney sets . . . then the district attorney is 'considered a municipal policymaker,'" and the Eleventh Amendment is inapplicable. *Id.* (quoting *Ying Jing Gan*, 996 F.2d at 536).

---

[2] The District Attorney first raised an Eleventh Amendment issue in its reply brief. *See* Dkt No. 60 at 6-7. While arguments raised for the first time in reply briefs are generally deemed waived, *United States v. George*, 779 F.3d 113, 119 (2d Cir. 2015), the Court addresses this issue *sua sponte* because Eleventh Amendment issues affect this Court's subject matter jurisdiction. *See Atl. Healthcare Benefits Tr. v. Googins*, 2 F.3d 1, 4 (2d. Cir. 1993).

"'[A] prosecutor enjoys absolute immunity even when doing an administrative act if the act is done in the performance of an advocacy function.'" *Id.* at 7 (citation omitted). "And even seemingly administrative duties that 'necessarily require legal knowledge and the exercise of related discretion' are shielded by absolute immunity." *Id.* (citation omitted).

Plaintiff's allegations relate to the District Attorney's Office's conduct in "directing the Albany Police Department to retain possession of the Plaintiffs vehicle" in connection with a homicide investigation. Dkt. No. 1 at ¶ 28. In her response to the District Attorney's Office's motion, Plaintiff argues that the act "was an administrative act, not prosecutorial, as no prosecution involving the vehicle exists." Dkt. No. 57 at 10.

The Supreme Court has stated "that prosecutors are not entitled to absolute immunity for their actions in giving legal advice to the police." *Buckley v. Fitzsimmons*, 509 U.S. 259, 271 (1993). Only "qualified immunity" applies to such claims. *Id.* at 278; *see also Simon v. City of New York*, 727 F.3d 167, 172 (2d Cir. 2013). "Even still, 'not every interview, interrogation, or other act by a prosecutor with the potential of revealing new information is an investigative act entitled to only qualified immunity.'" *Brown v. Vill. of Endicott*, No. 3:21-CV-1186, 2025 WL 863105, *22 (N.D.N.Y. Mar. 19, 2025) (quoting *Giraldo v. Kessler*, 694 F.3d 161, 166 (2d Cir. 2012)).

The complaint is bereft of facts demonstrating exactly what any prosecutor did or did not do in relation to Plaintiff's vehicle besides "directing" APD to retain possession of it. Dkt. No. 1 at ¶ 28. Without more information, it is unclear whether the District Attorney's Office was engaging in prosecutorial or administrative functions in relation to Plaintiff's vehicle and a homicide case. It is plausible to the extent that Plaintiff is suing the District Attorney in their official capacity, Plaintiff is challenging conduct that related to the District Attorney's decisions

15

on what evidence to use related to the homicide case which would be entitled to absolutely immunity.

Even if Plaintiff is challenging purely administrative functions of the District Attorney's Office, qualified immunity is likely to protect the conduct. "'Qualified immunity protects public officials from liability for civil damages when one of two conditions is satisfied: (a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law.'" *Garcia v. Does*, 779 F.3d 84, 92 (2d Cir. 2015) (citations omitted). The Court is unaware of any clearly established law which states that a police department and prosecutor's office cannot hold onto physical property of another for the purpose of determining its evidentiary value in a criminal case. The Court is likewise unaware of any clearly established law which holds that a delay in returning such property is unconstitutional. Accordingly, Plaintiff's claims against the Albany County District Attorney are likely barred under one of two immunity doctrines.[3]

### c. Municipal Liability

As discussed, the Albany County District Attorney's Office is an administrative arm of Albany County. *See supra* part III section B(1). To the extent that Plaintiff seeks to sue the Albany County District Attorney in his official capacity, or the Office, "we treat the suit as one against the 'entity of which an officer is an agent.'" *Gentry v. New York*, No. 1:21-CV-0319, 2021 WL 3037709, *6 (N.D.N.Y. June 14, 2021), *R. & R. adopted*, 2021 WL 3032691 (N.D.N.Y. July 19, 2021) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165-66, (1985)); *see also D'Alessandro*, 713 Fed. Appx. at 8-9; *Arroyo v. Nassau Correctional Facility*, No. 22-CV-5611, 2022 WL

---

[3] The Court reiterates that this is only one of multiple reasons set forth in this decision for why Plaintiff's complaint must be dismissed.

16636774, *2 (E.D.N.Y Nov. 2, 2022).  The District Attorney argues that any municipal liability claim against Albany County must be dismissed because "Plaintiff does not sufficiently please the 'custom or policy' prong" which is required under *Monell* and its progeny.  Dkt. No. 56-1 at 12-13.  Plaintiff summarily states that she has alleged a *Monell* claim "by alleging actions by officials responsible for policies. . . .  The District Attorney's Office directed the vehicle's retention without due process of law, as evidence by DA Lee Kindlon's statement and APD's reliance on its authority . . . ."  Dkt. No. 57 at 8.

The Court agrees with Defendant and, to the extent Plaintiff seeks to hold Albany County liable, the complaint must be dismissed.

It is well settled that "a municipality cannot be made liable [under § 1983] by application of the doctrine of respondeat superior." *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020) (quotations omitted).  Rather, "[i]n order to hold the County liable under § 1983, plaintiff must put forth sufficient evidence to show that individual defendants' unconstitutional actions were taken pursuant to an official municipal policy, custom, or practice." *Thornton v. Cnty. of Albany*, No. 9:14-CV-679, 2016 WL 5793714, *7 (N.D.N.Y. Oct. 4, 2016) (citing *Monell v. Dep't. of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91 (1978)).  As a result, to demonstrate *Monell* liability, a plaintiff must allege a violation of constitutional rights by employees of the municipality and "(1) 'the existence of a municipal policy or custom . . . that caused his injuries beyond merely employing the misbehaving officer[s]'; and (2) 'a causal connection - an affirmative link - between the policy and the deprivation of his constitutional rights.'" *Harper v. City of New York*, 424 Fed. Appx. 36, 38 (2d Cir. 2011) (quoting *Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985)) (internal quotation marks omitted).  A plaintiff may plead a municipal policy or custom by alleging the following:

17

(1) a formal policy, promulgated or adopted by the entity; or, (2) that an official with policymaking authority took action or made a specific decision which caused the alleged violation of constitutional rights; or (3) the existence of an unlawful practice by subordinate officials that was so permanent or well settled so as to constitute a 'custom or usage,' and that the practice was so widespread as to imply the constructive acquiescence of policymaking officials.

*Shepherd v. Powers*, No. 11-CV-6860, 2012 WL 4477241, *9 (S.D.N.Y. Sept. 27, 2012) (quotation and other citation omitted).

Here, Plaintiff's complaint fails to plausibly allege the existence of a formal policy promulgated or adopted by Albany County. Plaintiff's complaint states that "the County District Attorney is a public official vested with significant powers and responsibilities, particularly in matters pertaining to law enforcement and the administration of justice," and that the District Attorney directed APD to retain possession of Plaintiff's vehicle. Dkt. No. 1 at 5. This allegation does not demonstrate that the District Attorney's action "was caused to act by an official policy enacted by the municipality, i.e., through an ordinance or resolution adopted by the municipality." *Flannery v. Cnty. of Niagara*, 763 F. Supp. 3d 364, 393-94 (W.D.N.Y. 2025).

"'Boilerplate statements' that county employees were acting in accord with a municipal policy, with no facts to support those statements, are not sufficient to support a *Monell* claim." *Forrest v. Cnty. of Greene*, 676 F. Supp. 3d 69, 76 (N.D.N.Y. 2023) (citing *Brown v. Oneida Cnty*, No. 6:15-CV-0849, 2016 WL 4275727, *4 (N.D.N.Y. Aug. 12, 2016)); *see also Davis v. City of New York*, 228 F. Supp. 2d 327, 337 (S.D.N.Y. 2002) ("'[T]o succeed on this theory, plaintiff must prove the existence of a practice that is permanent' by 'demonstrat[ing] that the custom or practice is so well settled and widespread that the policymaking officials of the municipality can be said to have either actual or constructive knowledge of it yet did nothing to

18

end the practice'"). "[R]ather [a plaintiff] 'must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists.'" *Benacquista v. Spratt*, 217 F. Supp. 3d 588, 600 (N.D.N.Y. 2016) (quoting *Santos v. New York City*, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012)). "Pleadings articulating only isolated instances of unconstitutional behavior do not plausibly allege a well-settled custom." *Douglas v. City of Peekskill*, No. 21-CV-10644, 2023 WL 2632217, *9 (S.D.N.Y. Mar. 24, 2023); *see also Wilson v. Cnty. of Ulster*, No. 1:20-CV-00104, 2022 WL 813958, *16 (N.D.N.Y. Mar. 17, 2022).

Plaintiff argues in her response to the District Attorney's Office and her sur-reply that she sufficiently alleged a policy or custom under *Monell*. *See* Dkt. No. 57 at 8; Dkt. No. 64 at 6, 30.

Plaintiff points to a single instance of an alleged constitutional violation that the District Attorney's Office was allegedly involved in. *See* Dkt. No. 1 at 5. Plaintiff's complaint makes the very broad assertion that the District Attorney is vested with power "pertaining to law enforcement and the administration of justice," and that by directing the retention of her vehicle, the District Attorney "has actively contributed to the harm suffered by Plaintiff." *Id.* at ¶¶ 27-28. Plaintiff attached dozens of emails to her complaint that are between her and the City of Albany's Department of Law. *See id.* at 94-102, 104-26. She also provided copies of state court filings and decisions. *See id.* at 11-92, 103. A few emails reference the District Attorney's Office. For example, Corporate Counsel for the Department of Law told Plaintiff on February 14, 2024, at 10:29 A.M., "I spoke to the Detective assigned to the case on our end and the DA's office. At this point, they would be able to return the car, but they need the information from the car's computer. Would you consent to them downloading them?" *Id.* at 99. Plaintiff denied consent. *See id.* at 98.

Another email indicates that the attorney was "waiting to hear back from the detective about who at the DA's office to contact about this." *Id.* at 96. In an email dated February 15, 2024, the attorney explained to the state court that he had "spoken with the DA's office, additional personnel at Albany Police Department, and [Plaintiff,] and unfortunately the City is not in a position to relinquish the car at this point." *Id.* at 100.

Plaintiff argues in her response that the "claim that Plaintiff fails to allege personal involvement ignores pro se pleading standards. Plaintiff alleges the District Attorney's Office, through officials, directed APD to retain Plaintiff's vehicle without due process. DA Lee Kindlon's statement corroborates this." Dkt. No. 57 at 8. In her sur-reply, Plaintiff clarifies that Lee Kindlon was not working at the District Attorney's Office at some of the times relevant to her complaint, but emphasizes that her "claims are against the District Attorney's Office." Dkt. No. 64 at 4. Plaintiff repeatedly references an audio recording of a conversation with Lee Kindlon. *See id.*; *see also* Dkt. No. 57 at 8 (citing Dkt. No. 43). Plaintiff states "the recorded conversation (Lee Kindlon 9:13:2023.m4a) confirms the District Attorney's Office's directive to retain Plaintiff's vehicle, as Kindlon spoke with an official who stated, 'we're keeping that car' as evidence (*id.*, 00:00:57)." Dkt. No. 64 at 6. The Court has not been provided with a copy of this audio recording. Even if it had, and the recording contains precisely what Plaintiff purports, the information still fails to allege a policy or custom of the District Attorney's Office.

Thus, Plaintiff has failed to allege a custom for purposes of *Monell* liability against Albany County based on a single incident. In turn, Plaintiff has not plausibly alleged any facts that would render Albany County liable for the alleged deprivation.[4]

---

[4] Insofar as Plaintiff references "vehicle detention decisions [being] made at the policy level within the District Attorney's Office," Dkt. No. 64 at 30, "a single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a

## C.     Declaratory Judgment

Plaintiff also requests a "declaratory judgment to settle the controversy" pursuant to 28 U.S.C. §§ 2201 and 2202.  Dkt. No. 1 at 5-6.  The Declaratory Judgment Act gives a district court the discretion to "declare the legal rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201(a).  "It is well settled that a request for declaratory . . . relief is not an independent cause of action."  *Bulson v. Town of Brunswick*, No. 24-CV-503, 2025 WL 743950, *3 n.2 (N.D.N.Y. Mar. 7, 2025) (quoting *Daytree at Cortland Square, Inc. v. Walsh*, 332 F. Supp. 3d 610, 627 (E.D.N.Y. 2018)); *see also Chevron Corp v. Naranjo*, 667 F.3d 232, 244 (2d Cir. 2012) (explaining that the Act "is procedural only . . . and does not create an independent cause of action") (citations and quotation marks omitted).

As such, a request for declaratory relief "does not exist independent of a plausible underlying claim for relief."  *Travis v. Navient Corp.*, 460 F. Supp. 3d 269, 286 (E.D.N.Y. 2020) (quoting *Lisa Coppola, LLC v. Higbee*, No. 1:19-CV-678, 2020 WL 1154749, *10 (W.D.N.Y. Mar. 10, 2020).  As already determined, Plaintiff has failed to adequately plead a violation of her procedural due process rights.  Therefore, she is not entitled to declaratory relief.

## D.     Opportunity to Amend

When a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citations and quotation marks omitted).  An opportunity to amend is not required where "[t]he problem with [the plaintiff's] cause of action is substantive" such

---

municipal policy."  *DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998) (quoting *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)).

that "better pleading will not cure it." *Id.* (citation omitted). Furthermore, "[w]here granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (collecting cases).

APD does not address this issue in its motion. *See* Dkt. No. 55. The District Attorney's Office does not address leave to amend but asks that the Court dismiss Plaintiff's complaint with prejudice. *See* Dkt. No. 56-1 at 15. Plaintiff does not request leave to amend in her responses. *See* Dkt. No. 57, 59.

Plaintiff has not previously amended her complaint or sought leave to amend such that eave to amend is appropriate at this juncture. However, the currently named Defendants are the Albany Police Department and Albany County District Attorney, both of which are not subject to suit under the current complaint for the reasons set forth in this decision. As such, upon being granted leave to amend, Plaintiff must name a proper defendant. "[A]n amendment is afforded 'unless the court can rule out *any* possibility, . . . that an amended complaint would succeed in stating a claim[,]'" which the Court cannot do at this time. *See Macintyre v. Moore*, 267 F. Supp. 3d 480, 485 (W.D.N.Y. 2017) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)) (emphasis added). Therefore, Plaintiff is permitted leave to amend[56]

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the reasons set forth herein, the Court hereby

---

[6] The parties argue in their filings about the appropriateness of considering a settlement offer in deciding the motions to dismiss. *See* Dkt. No. 59 at 12; Dkt. No. 61-2 at 1-2; Dkt. No. 64 at 12-13. The Court declines to consider any settlement discussions between the party as reason to grant or deny the pending motions.

**ORDERS** that Defendant Albany Police Department's motion to dismiss (Dkt. No. 55) is **GRANTED**; and the Court further

**ORDERS** that Defendant Albany County District Attorney's motion to dismiss (Dkt. No. 56) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED without prejudice and with leave to amend**; and the Court further

**ORDERS** that Plaintiff is directed to file her amended complaint within **thirty (30) days** of the filing of this Memorandum-Decision and Order; and the Court further

**ORDERS** that if Plaintiff fails to file an amended complaint within **thirty (30) days** of the date of this Order, the Clerk of the Court shall enter judgement against Plaintiff and close this case without further order from this Court; and the Court further

**ORDERS** that Plaintiff's motion to expedite (Dkt. No. 65) is **DENIED as moot**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  March 9, 2026
        Albany, New York

Mae A. D'Agostino
U.S. District Judge

23