**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**KESHIA DOUGLAS,**

**Plaintiff,**

**vs.** **1:24-CV-807 (MAD/PJE)**

**CITY OF ALBANY, ALBANY COUNTY, DETECTIVE RYAN ROMAGNANO, and JOHN DOE OFFICERS 1-5,**

**Defendant.**

---

**APPEARANCES:** **OF COUNSEL:**

**KESHIA DOUGLAS**
PO Box 3812
Albany, New York 12203
Plaintiff, *pro se*

**THE REHFUSS LAW FIRM, P.C.** **STEPHEN J. REHFUSS, ESQ.**
40 British American Boulevard
Latham, New York 12110
Attorney for Defendants
City of Albany and Ryan Romagnano

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Plaintiff Keshia Douglas ("Plaintiff") commenced this action on June 23, 2024, *pro se*, alleging violations of her Fourteenth Amendment right to procedural due process. *See* Dkt. No. 1. On March 9, 2026, in a Memorandum-Decision and Order, the Court granted Defendant Albany Police Department's ("APD") motion for judgment on the pleadings and granted Defendants APD and Albany County District Attorney's ("District Attorney" or "DA") motions to dismiss. *See*

Dkt. No. 66 at 23. The Court dismissed Plaintiff's initial complaint without prejudice and with leave to amend. *See id.*

On March 24, 2026, Plaintiff filed her first amended complaint, which names the following Defendants: the City of Albany, Albany County, Detective Ryan Romagnano in both his official and individual capacities, and John Doe Officers 1-5. *See* Dkt. No. 67 at ¶¶ 7-10. The amended complaint contains three claims against Defendants. *Id.* at ¶¶ 36-53. Plaintiff brings a claim under 42 U.S.C. § 1983, alleging Defendants violated her Fourteenth Amendment right to procedural due process by retaining possession of her vehicle for several months after seizing it. *See id.* at ¶¶ 36-44. Plaintiff alleges a violation of the Fourth Amendment's prohibition on unreasonable seizures. *See id.* at ¶¶ 45-47. Plaintiff alleges *Monell* liability under 42 U.S.C. § 1983. *See id.* at ¶¶ 48-53. Plaintiff seeks monetary damages and declaratory relief. *Id.* at 12-13, ¶¶ a-g.

Presently before the Court is Defendants the City of Albany and Detective Ryan Romagnano's (collectively, "Defendants") motion to dismiss Plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), filed on April 17, 2026. *See* Dkt. No. 79. On April 21, 2026, Plaintiff filed a memorandum of law in opposition to Defendants' motion to dismiss. *See* Dkt. No. 80. Defendant filed a reply, *see* Dkt. No. 83, and with the permission of the Court, Plaintiff filed a sur-reply. *See* Dkt. No. 85.

For the reasons set forth below, Defendants' motion to dismiss is granted.

## II. BACKGROUND

Plaintiff alleges that on September 3, 2023, her vehicle, a 2015 Audi A4, was hit by gunfire on Quail Street while leaving 212 Market in Albany, New York. Dkt. No. 67 at ¶ 13. Plaintiff contends that she reported the incident to the APD, which subsequently seized the

vehicle pursuant to a search warrant on September 5, 2023, in connection with a homicide investigation. *Id.* at ¶¶ 14-15. On November 7, 2023, Plaintiff filed a complaint for writ of replevin against Defendant APD under New York Civil Practice Law and Rules Article 71, seeking damages and return of property, *id.* at ¶ 28, and the court ultimately ruled in favor of APD, *id.* at ¶ 31.[1] Plaintiff contends that "the completed warrant search . . . yielded zero evidence linking Plaintiff or her vehicle to the homicide," *id.* at ¶ 24, and "there was no legitimate ongoing investigative need for the prolonged retention of [her] vehicle," *id.* at ¶ 25. Plaintiff avers that "Defendants' prolonged retention of Plaintiff's vehicle for over nineteen months" constitutes a violation of Plaintiff's procedural due process rights. *Id.* at ¶ 38.

## III. DISCUSSION

### A. Motion to Dismiss Standard

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493

[1] On March 29, 2024, the Supreme Court of New York considered Plaintiff's application for the return of her vehicle and stated that the court was presented with "no admissible evidence that the defendant has any further need for the Audi in its investigation. If this is the case, then the [APD] would have no further legal basis to hold the Vehicle . . . ." Dkt. No. 67-1 at 116; *see also* Dkt. No. 67 at ¶ 30. The court scheduled an evidentiary hearing for April 9, 2024. Dkt. No. 67-1 at 116. Thereafter, "Defendant moved for reconsideration of the decision." Dkt. No. 67 at ¶ 31; Dkt. No. 67-1 at 128. On April 5, 2024, the court reversed its previous decision. *See* Dkt. No. 67-1 at 128-29. Specifically, the court characterized *Whitehead v. Dist. Atty. of Columbia Cnty.*, 289 A.D.2d 728, 728 (2001) as "virtually on all fours with this matter," and relying on its holding, granted APD's motion. *Id.* at 129. In *Whitehead*, the Third Department held that because the "criminal proceeding is extant and petitioner's automobile is potential evidence in the trial of that matter, [the] Supreme Court erred in granting the petition." 289 A.D.2d at 728.

F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," FED. R. CIV. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (citation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" *id.* at 570.

Courts afford *pro se* plaintiffs "special solicitude." *See Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (citing *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988)). "[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal

pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights because of a lack of formal, legal training. *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

**B. Plaintiff's Fourteenth Amendment Due Process Claim**

The Fourteenth Amendment provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. To demonstrate a violation of either substantive or procedural due process rights, a plaintiff must first demonstrate the possession of a protected right to the relief sought. *See Puckett v. City of Glen Cove*, 631 F. Supp. 2d 226, 236 (E.D.N.Y. 2009) (citing *Lisa's Party City, Inc. v. Town of Henrietta*, 185 F.3d 12, 16 (2d Cir. 1999)). A procedural due process inquiry entails two elements: (1) whether there is a constitutionally protected property or liberty interest; and (2) whether the process afforded was adequate. *See Rotundo v. Vill. of Yorkville*, No. 6:09-CV-1262, 2011 WL 838892, *8 (N.D.N.Y. 2011) (citing *Ford Motor Credit Co. v. N.Y.C. Police Dep't*, 503 F.3d 186, 191 (2d Cir. 2007)).

When reviewing alleged procedural due process violations, a key inquiry is whether the plaintiff has brought: "(a) claims based on established state procedures"; or "(b) claims based on random, unauthorized acts by state employees." *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996) (citations omitted). "If the alleged deprivation is caused by random, unauthorized state conduct and an adequate post-deprivation hearing is available, there is no denial of 'due process,' and therefore, no constitutional violation on which to base a § 1983 claim." *Kirk v. N.Y. State Office of Cmty. Renewal*, No. 1:10-CV-

00110, 2011 WL 294230, *9 (N.D.N.Y. 2011) (citing *Parratt v. Taylor*, 451 U.S. 527, 543 (1981)); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984). In contrast, "[w]hen the deprivation occurs in the more structured environment of established state procedures," the availability of post deprivation procedures will not automatically satisfy due process. *Hellenic Am. Neighborhood*, 101 F.3d at 880; *see also DeMasi v. Benefico*, 567 F. Supp. 2d 449, 455 (S.D.N.Y. 2008) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 433-37 (1982)).

"[T]he Second Circuit 'has noted, "[t]he distinction between random and unauthorized conduct and established state procedures . . . is not clear-cut."'" *Grune v. Hernandez*, No. 1:22-CV-857, 2023 WL 6065944, *4 (N.D.N.Y. Sept. 18, 2023), *aff'd*, No. 24-1803, 2025 WL 1416891 (2d Cir. May 16, 2025) (quoting *Rios v. Town of Huntington Housing Auth.*, 853 F. Supp. 2d 330, 338 (E.D.N.Y. 2012)). "Ultimately, '[t]he underlying question is "whether the state [was] in a position to provide for pre-deprivation process."'" *Id.* at *5 (quoting *Polito v. City of New York*, No. 15-CV-2301, 2017 WL 6542457, *2 (E.D.N.Y. Dec. 21, 2017)). "For this reason, courts may find complained of deprivations to be random and unauthorized unless a plaintiff is able to plausibly allege or establish that the deprivation . . . was effected through government policy." *Id.* (internal quotation marks omitted) (citation omitted).

***1. Policy or Procedure***

In their motion, Defendants argue that Plaintiff's claims "constitute, at most, 'random and unauthorized' acts for purposes of [a] procedural due process analysis." Dkt. No. 79 at 4 (citing Dkt. No. 66 at 8). Defendants contend that Plaintiff's Fourteenth Amendment due process claim must be dismissed because "[p]rocedural due process is not violated by random, unauthorized acts of state employees if adequate post-deprivation remedies exist." Dkt. No. 83 at 3 (citation omitted). Plaintiff contends that the "unconstitutional retention was not random or unauthorized

but was taken directly pursuant to the **official policy and custom** of the City of Albany and Albany County . . . ." Dkt. No. 67 at ¶ 32. Specifically, Plaintiff references the APD General Order 2.1.00 – Property and Evidence Control ("the General Order") and argues that the retention was part of an official policy rather than a random or unauthorized act. *See id.* at ¶¶ 32-35; Dkt. No. 67-1 at 131-50.

In connection with the retention of her vehicle, Plaintiff brings claims against Detective Romagnano in both his official and individual capacities. *See* Dkt. No. 67 at 1. The amended complaint identifies Detective Ryan Romagnano as a "detective employed by the APD who was personally involved in the investigation, the decision to retain Plaintiff's vehicle, and communications with Plaintiff regarding return of the vehicle." *Id.* at ¶ 9. Plaintiff alleges that Detective Romagnano made several false statements, including that Detective Romagnano misrepresented whether Plaintiff had been in contact with him, *id.* at ¶ 22, whether a replacement key to access the vehicle had been made, *id.*, or whether he observed the murder suspect enter Plaintiff's vehicle, Dkt. No. 85 at 5. Plaintiff includes as exhibits several images purporting to represent text messages between herself and Detective Romagnano. *See* Dkt. No. 67-1 at 39-41.

Decisions from the Second Circuit demonstrate the blurry line between whether an action is random and unauthorized or in accordance with an established policy. *Contrast Malapanis v. Regan*, 335 F. Supp. 2d 285, 292 n.5 (D. Conn. 2004) ("[P]laintiffs have made no allegation that there is an established state policy to retain seized property after the completion of a criminal investigation . . . . At best, plaintiffs have alleged that their deprivation was the result of a random and unauthorized act by the State Police"), *and Cantave v. N.Y. City Police Officers*, No. 09-CV-2226, 2011 WL 123895, *11 (E.D.N.Y. Mar. 28, 2011) (holding that the complaint "[did] not allege sufficient facts showing proof of a policy or custom that caused the alleged

constitutional injury" when the plaintiff cited news articles), *with Alexandre v. Cortes*, 140 F.3d 406, 412-13 (2d Cir. 1998) (holding that the defendants acted in accordance with an established policy—the N.Y. City Admin. Code § 14-140—which did not comport with due process).

Here, the Court finds that Defendants' actions in retaining the vehicle more closely resemble random, unauthorized acts than acting in accordance with an established policy or procedure. The General Order offers a discretionary framework for the release of evidence and requires the preservation of evidence in connection with ongoing homicide investigations. *See* Dkt. No. 67-1 at 143, Gen. Order No. 2.1.00 § III(H) ("All property/evidence available for release or disposition . . . shall be released or disposed of . . . at the earliest available opportunity, in accordance with the law and in recognition of appeal timelines," and "[e]vidientiary items related to any unsolved homicide investigations shall not be disposed of"). As Plaintiff acknowledges, the General Order "contains **no provision** for notice, administrative hearing, or prompt return to non-suspect owners once the search is complete and no evidence is found." Dkt. No. 67 at ¶ 33; *see also* Dkt. No. 85 at 1. Plaintiff has not otherwise alleged that Detective Romagnano and the City of Albany's actions in retaining the vehicle when there was no longer a legitimate need[2] were anything other than random or discretionary acts. Plaintiff has not alleged that the acts were in accordance with an established policy or procedure. *See Malapanis*, 335 F. Supp. 2d at 292 n.5; *see also Polito*, 2017 WL 6542457, at *1 ("The Second Circuit has found conduct random and

[2] According to Plaintiff, the investigation was complete. "[A] recorded conversation with Attorney Lee Kindlon, who was involved in Plaintiff's efforts to recover her vehicle from the City of Albany, confirmed that there was no legitimate ongoing investigative need for the prolonged retention of Plaintiff's vehicle." Dkt. No. 67 at 25. Plaintiff alleges that "the completed warrant search . . . yielded zero evidence linking Plaintiff or her vehicle to the homicide," *id.* at ¶ 24, and "there was no legitimate ongoing investigative need for the prolonged retention of [her] vehicle," *id.* at ¶ 25. In December 2024, APD counsel "sent a letter confirming that the vehicle would be returned to Plaintiff," and Plaintiff corresponded with Detective Romagnano "to arrange pickup of her vehicle" from Dott's Garage. *See id.* at ¶ 26.

unauthorized where the violation was not caused by an established state procedure . . .") (citation omitted). Indeed, Plaintiff's allegations of false statements, "deception[,] and mismanagement" on the part of Detective Romagnano further support that his actions were random and unauthorized, rather than in accordance with a policy or procedure. *See* Dkt. No. 67 at ¶¶ 22, 26.

Thus, Plaintiff has alleged that Defendants' conduct in retaining her vehicle is more akin to a random, unauthorized act than acting in accordance with a formal policy or procedure. The relevant inquiry is, therefore, whether an adequate post-deprivation remedy existed.

***2. Adequate State Remedy***

As the district court in *Malapanis* explained, the mere "existence" of adequate post-deprivation remedies satisfies procedural due process. *See Malapanis*, 335 F. Supp. 2d at 292. Moreover, the Second Circuit has held that New York state remedies, such as replevin under Article 71 and proceedings under Article 78, satisfy due process, even if a plaintiff possesses a cognizable property interest. *See McMenemy v. City of Rochester*, 241 F.3d 279, 288-89 (2d Cir. 2001).

Plaintiff alleges that state post-deprivation remedies were unavailable and inadequate. *See* Dkt. No. 67 at ¶ 41. Defendants argue that Plaintiff's amended complaint fails to show the unavailability or inadequacy of such remedies. *See* Dkt. No. 79 at 6. Plaintiff replies that the "Article 71 replevin action . . . produced a March 29, 2024[,] order directing return, which Defendants simply ignored." Dkt. No. 80 at 7. Plaintiff contends: "An Article 78 proceeding would have been futile because APD's policy requires District Attorney authorization, and the DA never acted"; following the Article 71 replevin action, "[t]he vehicle remained in APD custody for *many additional months*"; and "Plaintiff's . . . state-court proceedings . . . failed to secure timely return." *Id.*

The Court finds that Plaintiff has not sufficiently alleged the unavailability of state remedies. Indeed, Plaintiff alleges that she utilized a state remedy by filing a complaint for writ of replevin with the Supreme Court of New York. *See* Dkt. No. 67 at ¶ 28. That Plaintiff "incurred thousands of dollars in out-of-pocket expenses" and "emotional distress" while pursuing the state remedy does not render the remedy "illusory," and whether the remedy would have been "futile" is not relevant to the due process inquiry. *See id.* at ¶ 41; *see also Clark v. Dominque*, 798 F. Supp. 2d 390, 401-02 (N.D.N.Y. 2011) ("[The plaintiff's] bald, conclusory assertions of futility do not excuse her failure to exhaust State remedies"); *Grune v. Hernandez*, No. 1:22-CV-857, 2024 WL 2818367, *7 (N.D.N.Y. June 3, 2024), *aff'd*, No. 24-1803, 2025 WL 1416891 (2d Cir. May 16, 2025) ("'[T]he Second Circuit frequently affirms the dismissal of procedural due process claims brought by plaintiffs who had an Article 78 proceeding available to them'") (quoting *Corsini v. City of New York*, No. 20-CV-05459, 2023 WL 4420113, *8 (E.D.N.Y. July 10, 2023)). Likewise, that the vehicle remained in police custody for several months after the state court proceedings concluded does not mean the state law remedy was inadequate. *See* Dkt. No. 67 at ¶ 41; *Brooks v. Hogan*, No. 9:15-CV-0090, 2017 WL 1957024, *2 n.4 (N.D.N.Y. May 11, 2017) ("Plaintiff's lack of success does not mean that there was no adequate remedy at law") (citing *Weaver v. Combs*, No. 4:07-CV-107, 2008 WL 4371342, *2 (S.D. Ind. Sept. 18, 2008) ("Whether a [state court] remedy was actually sought, and if sought[,] whether it was successful, would not establish that [the state court] remedy is inadequate")). Regardless of whether the state remedy offered damages, or the future availability of the remedy, "the fact that [the remedy] was previously available satisfies the requirements of due process." *See O'Shea v. City of Kingston*, No. 1:22-CV-666, 2023 WL 4105492, *6 (N.D.N.Y. June 21, 2023) (citing *Campo v. N.Y.C. Emps.' Ret. Sys.*, 843 F.2d 96, 102 n.6 (2d Cir. 1988)); *see also Karamoko v. N.Y.C. Hous. Auth.*,

170 F. Supp. 2d 372, 377 (S.D.N.Y. 2001) ("Article 78 courts are courts of limited jurisdiction and are unable to award monetary damages") (citation omitted).

Based upon the foregoing, the Court grants Defendants' motion as to Plaintiff's procedural due process claim.[3]

### C. Plaintiff's *Monell* Claim

Plaintiff alleges that constitutional violations "were caused by the official policy and entrenched custom of the City of Albany and Albany County, specifically [the General Order] and the DA's practice of indefinite retention until DA authorization." Dkt. No. 67 at ¶ 49. Defendants assert that Plaintiff has failed to allege a theory of *Monell* liability. *See* Dkt. No. 79 at 6. Specifically, Defendants contend that while Plaintiff references the General Order and an alleged practice of retaining vehicles in homicide investigations, she "pleads no facts demonstrating that such a policy is unconstitutional or that it requires the conduct of which she complains." *Id.* Defendants argue that, "[a]t most, the policy governs the retention of potential evidence in criminal investigations, which is a facially lawful objective." Dkt. No. 83 at 5. In her sur-reply, Plaintiff responds that the General Order "does not grant officers unfettered discretion; it *requires*

---

[3] Defendants contend that Plaintiff's claims against Detective Romagnano in his individual capacity are barred by qualified immunity. *See* Dkt. No. 83 at 6. Defendants also contend that Plaintiff's claims regarding allegedly false statements made by Detective Romagnano do not impact the due process analysis. *See id.* at 6. Plaintiff responds that Detective Romagnano's "sworn falsehood . . . demonstrates the pretextual and bad-faith application of the policy," "undermines qualified immunity," "and shows the retention was not based on legitimate investigative need." Dkt. No. 85 at 5-6. Because Plaintiff has not plausibly alleged a claim, the Court declines to rule on the question of qualified immunity. *See, e.g.*, *Finn v. Anderson*, No. 12-CV-5742, 2013 WL 12085092, *10 (S.D.N.Y. Sept. 6, 2013) ("Because the Court finds plaintiff failed to state a claim, the Court does not reach the question of qualified immunity"); *Lysius v. N.Y. City Law Dep't*, No. 21-CV-7001, 2023 WL 5961689, *9 n.18 (E.D.N.Y. June 12, 2023) ("Although defendants raise qualified immunity, the Court need not address this ground for dismissal given plaintiff's failure to state a claim").

indefinite retention of evidentiary items in unsolved homicide cases with no safeguards for innocent owners." Dkt. No. 85 at 5.

Under *Monell*, liability of a municipality for a constitutional violation pursuant to 42 U.S.C. § 1983 requires the existence of a "policy or custom." *See Monell v. Dep't of Soc. Serv's of City of N.Y.*, 436 U.S. 658, 694 (1978). To demonstrate *Monell* liability, a plaintiff must prove: "(1) 'the existence of a municipal policy or custom . . . that caused his [or her] injuries beyond merely employing the misbehaving officer[s]' and (2) 'a causal connection—an affirmative link—between the policy and the deprivation of his constitutional rights.'" *Harper v. City of New York*, 424 Fed. Appx. 36, 38 (2d Cir. 2011) (summary order) (quoting *Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985)) (internal quotation marks omitted). To show the existence of such a policy or custom, a plaintiff may allege either of the following:

> 1) a formal policy, officially promulgated by the municipality; 2) action taken by the official responsible for establishing policy with respect to a particular issue; 3) unlawful practices by subordinate officials so permanent and widespread as to practically have the force of law; or 4) a failure to train or supervise that amounts to "deliberate indifference" to the rights of those with whom the municipality's employees interact.

*Smith v. City of Syracuse*, No. 5:19-CV-00997, 2020 WL 1937411, *2 (N.D.N.Y. Apr. 21, 2020) (citations omitted).

Here, Plaintiff fails to allege the existence of a policy or custom of the City of Albany sufficient to give rise to liability under *Monell*. As support for her allegations, Plaintiff offers the General Order. *See* Dkt. No. 67 at ¶¶ 32-35. Plaintiff avers that the General Order is evidence of a policy or custom because it "requires retention of all evidentiary items, including vehicles, related to unsolved homicide investigations until the investigating officer or District Attorney authorizes release." *Id.* at ¶ 33. Plaintiff characterizes the General Order as "the moving force"

behind Defendants' actions. *See id.* Plaintiff alleges that the APD and the District Attorney "expressly relied" on the General Order. *See id.* at ¶ 35.

But Plaintiff offers no facts to show a pattern of conduct resembling that of the Defendants that remain in this case. Instead, Plaintiff's amended complaint details only the single incident involving her vehicle. *See generally id.* Although Plaintiff argues that "[a] single application of an official written policy can establish *Monell* liability," Dkt. No. 85 at 5, such a finding requires "appropriate circumstances." *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986) ("No one has ever doubted, for instance, that a municipality may be liable under § 1983 for a single decision by its properly constituted legislative body"); *Smith*, 2020 WL 1937411, at *3 ("Except in very rare cases, a 'custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the municipality'") (citation omitted). Those circumstances do not exist here. Plaintiff does not allege any systemic practice or "any facts suggesting that policymakers were aware of and acquiesced in unconstitutional behavior." *See* Dkt. No. 79 at 6; *Brown v. Vill. of Endicott*, No. 3:21-CV-1186, 2025 WL 863105, *42 (N.D.N.Y. Mar. 19, 2025) ("'[I]solated acts . . . by non-policymaking municipal employees are generally not sufficient to demonstrate a municipal custom, policy, or usage that would justify municipal liability'") (citation omitted); *see also Smith*, 2020 WL 1937411, at *2-3 ("To establish a claim based upon a widespread practice, a plaintiff must show that the practice is 'so manifest as to imply the constructive acquiescence of senior policy-making officials'") (quoting *Green v. City of New York*, 465 F.3d 65, 80 (2d Cir. 2006)). As stated, Plaintiff alleges that there is no policy which permitted Defendants' conduct, which does not support a theory that Defendants' actions were taken pursuant to a custom or policy.

Even if Plaintiff had shown actions in accordance with a widespread policy or procedure, she has not set forth the requisite "causal connection" between the policy itself and any injury suffered. *See Harper*, 424 Fed. Appx. at 38.

Accordingly, Plaintiff has failed to plausibly allege a custom or policy for purposes of *Monell* liability against the City of Albany. Thus, the Court grants Defendants' motion to dismiss as to Plaintiff's *Monell* claim against the City of Albany.

**D. Plaintiff's Request for Declaratory Relief and Fourth Amendment Claim**

Plaintiff seeks declaratory relief as a separate cause of action against Defendants. In connection with this claim, Plaintiff alleges violations of the Fourth Amendment's prohibition on unreasonable seizures. *See* Dkt. No. 67 at ¶ 47. Defendants contend that the request for declaratory relief should be dismissed because Plaintiff has failed to state any independent, viable, constitutional claim. *See* Dkt. No. 79 at 7. In response, Plaintiff asserts that Defendants' motion does not address the Fourth Amendment or declaratory relief claims on their merits. *See* Dkt. No. 80 at 8. In reference to her Fourth Amendment and declaratory relief claims, Plaintiff states that "[b]ecause the due-process claim survives, so do the others." *See id.*

"'[I]t is well-settled that a request for declaratory . . . relief is not an independent cause of action[,]'" and a valid, underlying claim is required. *See Bulson v. Town of Brunswick*, No. 24-CV-503, 2025 WL 743950, *3 n.2 (N.D.N.Y. Mar. 7, 2025) (quoting *Daytree at Cortland Square, Inc. v. Walsh*, 332 F. Supp. 3d 610, 627 (E.D.N.Y. 2018)). As discussed, the amended complaint does not plausibly allege a violation of Plaintiff's Fourteenth Amendment due process rights as an independent claim.

In addition to the Fourteenth Amendment claim, Plaintiff brings a Fourth Amendment claim. *See* Dkt. No. 67 at ¶¶ 45-47. The Fourth Amendment guarantees "[t]he right of the people

to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ." U.S. CONST. amend. IV. "The protections of the Fourth Amendment are limited to rights violated through unreasonable searches and seizures." *Clarke v. Cnty. of Broome*, No. 1:10-CV-399, 2012 WL 1005086, *6 (N.D.N.Y. Mar. 23, 2012); *see also United States v. Blue*, 78 F.3d 56, 59 (2d Cir. 1996). "The Fourth Amendment prohibits unreasonable seizures; it is not a general prohibition of all conduct that may be deemed unreasonable, unjustified or outrageous." *Medeiros v. O'Connell*, 150 F.3d 164, 167 (2d Cir. 1998) (citing *Carter v. Buscher*, 973 F.2d 1328, 1332 (7th Cir. 1992)).

Plaintiff argues that Defendants conducted an unreasonable seizure by retaining her vehicle. *See* Dkt. No. 67 at ¶¶ 45-47. Defendants contend that Plaintiff's Fourth Amendment claim "fails as a matter of law" because "[w]here property is lawfully seized, claims regarding its continued retention are analyzed under the Due Process Clause, not the Fourth Amendment." Dkt. No. 79 at 6-7 (citing *Shaul v. Cherry Valley-Springfield Cent. Sch. Dist.*, 363 F.3d 177, 187 (2d Cir. 2004)). Plaintiff responds that Defendants' "cursory treatment of the Fourth Amendment and declaratory relief claims simply incorporates the due-process argument." Dkt. No. 80 at 8. For the reasons discussed below, the Court finds that Plaintiff has not plausibly alleged a Fourth Amendment claim.

The Court agrees that Plaintiff's claim regarding the retention of the vehicle is more properly brought under the Fourteenth Amendment. Here, the parties do not dispute that the initial seizure was reasonable. Plaintiff confirms that the vehicle "was seized with her voluntary consent," Dkt. No. 67 at ¶ 3, the "initial seizure was consensual and lawful," *id.* at ¶ 46, and that she provided Defendants with her "notarized consent to download GPS/telematics data from her vehicle," *id.* at ¶ 21. "To the extent the Constitution affords [Plaintiff] any right with respect to a

government agency's retention of lawfully seized property, it would appear to be procedural due process." *Shaul*, 363 F.3d at 187; *see also Passino v. Fulton Cnty. N.Y.*, No. 1:25-CV-727, 2026 WL 817990, *7 (N.D.N.Y. Mar. 25, 2026) ("'[T]he government's failure to return lawfully seized property is not an unreasonable seizure under the Fourth Amendment'") (quoting *Harding v. Gould*, No. 22-CV-6285, 2024 WL 3742688, *7 (S.D.N.Y. Aug. 9, 2024)); *Montaque v. City of Syracuse*, No. 5:25-CV-01625, 2026 WL 158551, *17-18 (N.D.N.Y. Jan. 20, 2026) (dismissing with prejudice the plaintiff's Fourth Amendment unreasonable seizure claim for failure to state a claim); *Bennett v. Dutchess Cnty., N.Y.*, 832 Fed. Appx. 58, 60 (2d Cir. 2020) ("'Where . . . an initial seizure of property was reasonable,' the government's 'failure to return the items does not . . . state a separate Fourth Amendment claim of unreasonable seizure'") (quoting *Shaul* 363 F.3d at 187). Thus, Plaintiff's Fourth Amendment claim requires dismissal.

Based upon the foregoing, the Court denies Plaintiff's request for declaratory judgment and dismisses the Fourth Amendment claim.[4]

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants City of Albany and Ryan Romagnano's motion to dismiss (Dkt. No. 79) is **GRANTED**; and the Court further

[4] Plaintiff also brings Fourteenth and Fourth Amendment claims against the John Doe Officers. Specifically, she alleges "Defendants JOHN DOE OFFICERS 1–5 are members of the Albany Police Department whose identities are currently unknown but who were personally involved in the seizure, investigation, and continued retention of Plaintiff's vehicle." Dkt. No. 67 at ¶ 10. For the reasons set forth in this decision, those claims are dismissed for failure to state a claim.

**ORDERS** that Plaintiff's First Amended Complaint (Dkt. No. 67) be **DISMISSED with prejudice** as against Defendants the City of Albany and Ryan Romagnano for failing to state a claim; and the Court further

**ORDERS** that the Clerk of the Court **TERMINATE** Defendants the City of Albany, Ryan Romagnano, and the John Doe Officers from this action; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 9, 2026
Albany, New York

Mae A. D'Agostino
U.S. District Judge